UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
RUBENZ DEUS,

                Plaintiff,      CV 13-3706

      -against-                     COMPLAINT  WEINSTEIN, J.

CITY OF NEW YORK, JOEBIAN ORTIZ,
and, DANIEL BYRNE,
                                       **PLAINTIFF DEMANDS**
                Defendants.    **A TRIAL BY JURY**
------------------------------X

        Plaintiff Rubenz Deus, by his attorneys, Reibman & Weiner, as for his complaint against the defendants, allege, upon information and belief, as follows:

## PARTIES, JURISDICTION and VENUE

        1.    At all relevant times herein, plaintiff Rubenz Deus was a male resident of Kings County, within the City and State of New York.

        2.    At all relevant times herein, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

        3.    At all relevant times hereinafter mentioned, defendant Joebian Ortiz, whose tax number is believed to be 919519, was employed by the City of New York as a member of the NYPD and assigned to Brooklyn South Gang Squad ("BSGS"). Ortiz is sued herein in both his official and individual capacities.

4. At all relevant times hereinafter mentioned, defendant Daniel Byrne, who is believed to have been a detective assigned to the BSGS, was employed by the City of New York as a member of the NYPD. Byrne is sued herein in both his official and individual capacities.

5. At all relevant times herein both Byrne and Ortiz were acting in the course of his employment with the NYPD under color of law.

6. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, *et seq.*, and 42 U.S.C. §1983. The Court has jurisdiction over the state claims under the legal principles of supplemental jurisdiction.

7. Venue is properly laid in this District pursuant to 28 U.S.C. §1391, *et seq.*, because the arrest complained of occurred within the Eastern District of New York, and because it is the district of residence for the plaintiff and the municipal defendant.

8. A Notice of Claim was timely served by the plaintiff upon the defendant City of New York.

9. At least thirty days have passed since plaintiff's service of his Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

10. Plaintiff has complied with all of obligations, requirements and conditions precedent to commencing an action against New York City under New York law.

2

## FACTUAL ALLEGATIONS

11. On September 3, 2012, at or after 1:00 a.m., plaintiff was lawfully present in the backyard behind a building located on Church Avenue, between East 34 Street and New York Avenue, in Kings County, New York ("the Premises").

12. While plaintiff was in the backyard, along with several other individuals, multiple police officers, including the two individual defendants, entered the backyard with guns drawn.

13. Although plaintiff was not engaged in any criminal or suspicious conduct, the officers placed plaintiff and several other individuals against a wall and then searched and handcuffed them.

14. There was no lawful basis for the seizure and search of the plaintiff, nor was it reasonable for the defendants to believe such a basis existed.

15. Plaintiff was not in possession of any weapons, drugs, or contraband of any kind.

16. Notwithstanding the fact that plaintiff was not engaged in any criminal conduct and did not have any contraband in his possession, plaintiff was taken by the defendants in handcuffs to a nearby police car and brought to a local area station house.

17. Plaintiff repeatedly asked the officers at the scene of his arrest why he was being arrested. No answer was given.

18.     While in defendants' custody at the station house plaintiff spoke with defendant Ortiz. Ortiz told plaintiff that he wanted plaintiff to provide him with information, to act as Ortiz's confidential informant. Plaintiff declined to do so.

19.     Plaintiff was eventually transported to Central Booking in Kings County, where he were imprisoned for a period of many hours.

20.     While plaintiff was were imprisoned by the defendants, Ortiz completed arrest paperwork in which he claimed (i) to have spoken with defendant Byrne and that Byrne was alleging that he had recovered a handgun from plaintiff's waistband; and (ii) to have personally observed that the gun was loaded.

21.     The factual allegations by Ortiz and Byrne concerning the recovery of the handgun from plaintiff was materially false as the plaintiff had not actually or constructively possessed a handgun, and both defendants knew them to be false at the time he first made them, and at every time thereafter when he repeated them.

22.     Ortiz forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrests and to persuade the KCDA to commence the plaintiff's criminal prosecution.

23.     As a direct result of these allegations by Ortiz, the plaintiff was criminally charged by the Kings County District Attorney under docket number 2012KN073306 with three separate counts of criminal possession of a weapon, all flowing from the false claim by the defendants that a handgun was recovered from plaintiff. No other charges were presented.

4

24. The Court set bail at plaintiff's arraignment. Plaintiff was unable to post the bail and was sent directly from the courthouse to Rikers Island.

25. Rikers Island is a jail facility owned and operated by the municipal defendant's Department of Corrections ("DOC").

26. The plaintiff was conscious of his imprisonment, which was carried out without his consent.

27. On the morning of September 7, 2012, plaintiff was informed by a DOC employee that his charges had been dismissed in full. He was placed on a bus and allowed to return home.

28. In fact, on September 7, 2012, Judge K. McGrath, sitting in part AP1F, had ordered all of the charges against plaintiff dismissed and the record sealed.

29. At no time did the defendants have adequate legal cause to detain, seize or arrest plaintiff, nor could defendants have reasonably believed that such cause existed.

30. At all times relevant herein, each of the defendants were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

31. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "30" of the complaint as if incorporated and reiterated herein.

32. Defendants willfully and intentionally seized, searched and arrested plaintiff, or otherwise caused and brought about his seizure, search and arrest, without cause, and without a reasonable basis to believe such cause existed.

33. Defendants then fabricated evidence and denied plaintiff his their right to a fair trial, causing him to be imprisoned and maliciously prosecuted.

34. In so doing, defendants violated plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments of the United States Constitution.

35. By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused the plaintiff to be deprived of his federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## SECOND CAUSE OF ACTION

36. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "35" of the complaint as if incorporated and reiterated herein.

37. At no time did defendants have any legal basis to seize, arrest, or imprison plaintiff, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable or otherwise appropriate.

38. The defendants sought to bring about plaintiff's prosecution through the deliberate fabrication of evidence, which was presented to the KCDA in order to persuade the KCDA to initiate criminal process.

39.     The City of New York is vicariously liable to the plaintiff for the above conduct under the doctrine of respondeat superior.

40.     The defendants are therefore liable to the plaintiff false arrest and false imprisonment, denial of a fair trial, and malicious prosecution under New York law.

41.     By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against the defendants jointly and severally as follows:

    i.    on the first cause of action, actual and punitive damages against Joebian Ortiz and Daniel Byrne in an amount to be determined at trial;

    ii.    on the second cause of action actual damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988, as well as disbursements, and costs of this action; and

    iv.    such other relief as the Court deems just and proper.

Dated:   Brooklyn, New York
           July 1, 2013

                      REIBMAN & WEINER

By: _____
Michael Lumer, Esq. (ML-1947)
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743